UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALLEN THOMPSON,

    Petitioner,

v.                                                     CASE NO. 6:08-cv-1810-Orl-31DAB

STATE OF FLORIDA, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7). Petitioner filed a reply to the response (Doc. No. 14).

Petitioner alleges six claims for relief in his habeas petition: 1) the trial court erred in allowing a hearsay statement into evidence as an excited utterance; 2) appellate counsel was ineffective for failing to argue on direct appeal that there was a Double Jeopardy violation; 3) trial counsel was ineffective for failing to properly investigate and call an exculpatory witness; 4) trial counsel was ineffective for failing to impeach the victim's testimony with other inconsistent statements; 5) trial counsel was ineffective for failing to

call certain rebuttal witnesses; and 6) trial counsel was ineffective for failing to investigate and call witnesses to impeach the victim's character.

## I. Procedural History

Petitioner was charged by amended information with attempted first degree murder (count one), burglary of a dwelling with an assault or a battery (count two), aggravated assault with a firearm (count three), kidnaping with intent to inflict bodily harm or terrorize (count four), and possession of a firearm by a convicted felon (count five). A jury trial was held as to counts one through four,[1] and Petitioner was found guilty as charged. The jury made special findings as to counts one, two, three, and four that Petitioner actually possessed a firearm and that he carried, displayed, used, threatened to use, or attempted to use the firearm. The trial court adjudicated Petitioner guilty of the crimes and sentenced him to life imprisonment as to counts one, three, and four, and to imprisonment for a term of five years as to count two, with all of the sentences to run concurrently. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.[2]

Petitioner next filed an Amended Petition for Relief from Ineffective Assistance of Counsel (the "Amended State Petition") with the state appellate court alleging ineffective

---

[1]Count five was severed for purposes of trial, and, eventually, the State entered a *nolle prosequi* as to this count.

[2]Petitioner's appellate counsel filed an *Anders* brief. In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court established a procedure for appellate counsel when seeking permission to withdraw from the representation when he or she concluded that an appeal would be frivolous. Petitioner also filed an appellate brief *pro se*.

assistance of appellate counsel, which was denied.

Petitioner then filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

## II. Legal Standards

### A. *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state

3

court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[3] *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.    *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and

---

[3]In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

(2) whether the deficient performance prejudiced the defense.[4] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

---

[4]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

5

III.  *Analysis*

A.  *Claim One*

Petitioner claims that the trial court erred in allowing a hearsay statement into evidence as an excited utterance. During the direct examination of Deputy Maria Curtin, the trial court allowed her to testify as to statements made by the victim based on the excited utterance exception to the hearsay evidence rule. (Appendix C, Transcript of Trial at 111-12.) Petitioner states that the statements could not have been exicted utterances because Deputy Curtin had testified that she had "sat the victim down to calm [her] down before she took the victim['s] statement." (Petitioner's Habeas Petition at 5.)

This claim involves an evidentiary ruling made by the state trial court. "Federal habeas corpus relief based on evidentiary rulings will not be granted unless it goes to the fundamental fairness of the trial." *McCoy v. Newsome*, 953 F.2d 1252, 1265 (11th Cir. 1992); *see also Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) ("[w]e review questions of state law in federal habeas proceedings only to determine whether the alleged errors were so critical or important to the outcome of the trial to render `the entire trial fundamentally unfair.'"). The state trial error must have been "material in the sense of a crucial, critical, highly significant factor." *Tejada*, 941 F.2d at 1560 (quotation omitted) (citations omitted).

In the present case, Petitioner has not demonstrated that the state court's ruling with regard to this matter was erroneous[5] or that the ruling deprived him of a fundamentally

---

[5]An excited utterance need not be contemporaneous to the event, but, it must be made while the declarant is under the stress of the startling event and without time for reflection. *See Hojan v. State* 3 So.3d 1204, 1209 -1210 (Fla. 2009). Statements given "in

fair trial. Moreover, Petitioner has failed to establish that the alleged error by the trial court with regard to this matter had a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson,* 507 U.S. 619, 622 (1993). Thus, this claim must fail.

B.     *Claim Two*

Petitioner claims that appellate counsel was ineffective for failing to argue on direct appeal that there was a Double Jeopardy violation in Petitioner's case. He argues that his convictions for burglary of a dwelling with an assault or a battery with a firearm (count two) and aggravated assault with a firearm (count three) violate the Double Jeopardy clause because the same act was the basis for both counts, and the assault in each count cannot be distinguished from the other. This claim was raised in the Amended State Petition, which was denied by the state appellate court.

In the present case, as to count two, the jury indicated in the verdict form that "WE, THE JURY, find the Defendant guilt of Burglary of a Dwelling with an Assault or Battery as charged in the information." The verdict form contained no indication of whether the jury had found that Petitioner committed a "burglary of a dwelling with an assault" *or* a "burglary of a dwelling with a battery."

In the Amended State Petition, Petitioner relied on *White v. State,* 753 So. 2d 668, 669 (Fla. 1st DCA 2000), wherein the state appellate court held that "[b]ecause all of the

---

question-and-answer exchanges by officers under . . . stressful situations [qualify as] excited utterances." *Id*. at 1210.

elements of the crime of aggravated assault with a firearm are contained within the crime of burglary with assault while armed with a firearm, White's dual convictions are in violation of the prohibition against double jeopardy." Respondents argue that *White* is distinguishable because "the burglary of Count II may be deemed to [be] based on a separate act of battery rather than the assault of Count III."[6] However, contrary to Respondents' assertion, in the case of such ambiguity, the benefit of the doubt should go to Petitioner. *See State v. Reardon,* 763 So. 2d 418, 419 (Fla. 5th DCA 2000) (determining that "[w]e must read the verdict in a manner which would give the benefit of the doubt to [the defendant].").

Nonetheless, the *White* decision relied on *Henderson v. State*, 727 So. 2d 284 (Fla. 2nd DCA 1999), which held that the defendant's convictions for assault and burglary with assault violated the Double Jeopardy clause because the assault arose out of the burglary. However, the *Henderson* case was later receded from in *Washington v. State*, 752 So. 2d 16 (Fla. 2nd DCA 2000), in which it was held that convictions for first-degree burglary with a battery and aggravated battery *did not* violate the prohibition against Double Jeopardy since the State had to prove an additional element to convict on the aggravated battery charge.

Moreover, in denying the petition, the state appellate court stated as follows:

---

[6]Respondents' argument on this claim was brief, but, in the response to the petition filed by Petitioner in the state appellate court, they argued that "[t]here is no double jeopardy violation because the burglary of Count II was charged alternatively to include assault or battery." (Appendix F, Respondents' Response at 2-3.)

8

"ORDERED that the Amended Petition Alleging Ineffective Assistance of Appellate Counsel, filed December 16, 2005, is denied. See State v. Reardon, 763 So. 2d 418 (Fla. 5th DCA 2000). In *Reardon*, the defendant was convicted of both aggravated battery (count one) and burglary with an assault or battery and/or burglary while armed (count two). The trial court subsequently determined that the convictions violated Petitioner's Double Jeopardy rights and vacated the conviction as to count two. The verdict form presented the jury with the option of finding the defendant guilty of burglary with an assault or battery "and/or" burglary while armed. Thus, it was unclear whether the jury found the defendant guilty of burglary while armed or burglary with an assault or battery. The state appellate court reversed, finding that each offense required proof of elements not required by the other and that the two offenses failed the "same elements" test described in *Blockburger v. United States*, 284 U.S. 299 (1932).[7] It was also determined that the two offenses were not degrees of the same crime and that neither offense was subsumed by the other. The state appellate court also mentioned that aggravated battery required the use of a deadly weapon, an element not required for the offense of burglary with a battery.

It is well established that a defendant has the right to effective counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984. The standard for analyzing ineffective assistance claims is the same for trial and appellate counsel. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). The Eleventh Circuit has applied the

---

[7]In making this determination, the state appellate court read the verdict in a manner that gave the benefit of the doubt to the defendant. *See Reardon*, 763 So. 2d at 419 n.3.

Supreme Court's test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991).

In light of the decisions in *Reardon* and *Washington*, Petitioner has not shown that he would have been entitled to relief on Double Jeopardy grounds. Certainly, it was not an unreasonable application of *Strickland* for the state appellate court to determine that appellate counsel's performance was not deficient and that Petitioner had not shown prejudice.

Under the circumstances, Petitioner has not demonstrated that the state appellate court's decision was contrary to, or an unreasonable application of, clearly established federal law or that it resulted in a decision based on an unreasonable determination of the facts. Accordingly, Petitioner is not entitled to relief on this claim.

C.  *Claim Three*

Petitioner states that trial counsel was ineffective for failing to properly investigate and call an exculpatory witness. He claims that Melanie Young would have testified that she was at the scene during the incident; that, when Petitioner knocked on the door, the victim told her to let him in the house; that Petitioner and the victim got into an argument; that Petitioner tried to leave, and the victim tried to stop him and pointed a gun at him; and that they began tussling over the gun. He contends that Ms. Young would have established reasonable doubt as to whether Petitioner entered the home unlawfully and attempted to kill or assault the victim. This claim was raised in Petitioner's Rule 3.850 motion and was denied on the basis that he had not shown that counsel acted deficiently

or that Petitioner sustained prejudice.

The record reflects that Ms. Young was on the State's witness list, *see* Appendix B at 25, and, according to the state trial court, she had been served with a subpoena and Petitioner's previous counsel had set her for deposition. *See* Appendix G at 72. At trial, Petitioner's counsel attempted to call her as a defense witness, but she could not be located in the hallways of the courthouse. (Appendix C, Transcript of Trial at 134-35, 167-68.) Thus, Petitioner has not shown that counsel acted deficiently.

Further, the proposed testimony of Ms. Young would have been inconsistent with that of other *defense* witnesses. Jontue Reese testified that Ms. Young was in the kitchen at the time of the incident and that he opened the victim's bedroom door and saw Petitioner on top of the victim, holding her down. *Id*. at 130-31. Petitioner testified that Roderick Miller let him into the house and that he had "kicked the [bedroom] door shut." *Id*. at 140 Thus, based on this testimony, Ms. Young did not let Petitioner into the house, and she did not witness the incident. Accordingly, there has been no showing or prejudice.

As such, Petitioner has not demonstrated that the state court's decision was either "contrary to" or an "unreasonable application of" *Strickland.* Moreover, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts in light of the evidence presented.

D.    *Claim Four*

Petitioner asserts that trial counsel was ineffective for failing to impeach the victim's testimony with other inconsistent statements. At trial, the victim testified that she was

11

scared to testify and that she had been pressured by Petitioner and his family to refrain from doing so; however, Petitioner asserts that she never made such statements at her deposition and that she had made contradictory statements to Mr. Miller. Petitioner argues that counsel should have impeached the victim with her prior inconsistent statements given at her deposition and to Mr. Miller. This claim was raised in Petitioner's Rule 3.850 motion and was denied because Petitioner had not shown prejudice.

At trial, the victim was thoroughly cross-examined as to why she finally came to court after she had consistently refused to do so. She admitted that she agreed to testify only after being threatened with arrest and with the potential loss of custody of her children to DCF and then obtaining the State's promise to withdraw the arrest warrant. (Appendix C, Transcript of Trial at 56-58.) This line of questioning provided a basis for the jury to infer that her trial testimony was biased. Petitioner's counsel adequately questioned the victim about any possible bias she had in testifying, and further impeachment with her deposition testimony or Mr. Miller's testimony would have been cumulative.

Consequently, there has been no showing that counsel acted deficiently or that Petitioner sustained prejudice. As such, Petitioner has not demonstrated that the state court's decision was either "contrary to" or an "unreasonable application of" *Strickland*. Moreover, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts in light of the evidence presented.

*E.   Claim Five*

Petitioner alleges that trial counsel was ineffective for failing to call certain rebuttal

witnesses who would have testified that, initially, the victim wanted the charges dropped because she was trying to reconcile her relationship with Petitioner. Thus, according to Petitioner, it was this relationship, not fear, that motivated the victim's refusal to cooperate. This claim was raised in Petitioner's Rule 3.850 motion and was denied because Petitioner had not shown prejudice.

As discussed by the trial court in denying this claim, "there was a very real risk that [the victim] would have admitted making theses statements to the rebuttal witnesses and explained that she did so out of fear, to protect herself from [Petitioner's] threats. She could also have explained there were two prior incidents where [Petitioner] had pulled a gun on her, further justifying her fear." As such, Petitioner has not demonstrated prejudice with regard to this matter.

Under the circumstances, Petitioner has not demonstrated that the state court's decision was either "contrary to" or an "unreasonable application of" *Strickland.* Moreover, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts in light of the evidence presented.

F.     *Claim Six*

Petitioner contends that trial counsel was ineffective for failing to investigate and call witnesses to impeach the victim's character. According to Petitioner, certain witnesses were willing to testify that the victim had a reputation for violence and a history of abuse toward others. This claim was raised in Petitioner's Rule 3.850 motion and was denied on the basis that Petitioner had not shown that counsel acted deficiently or that he sustained

13

prejudice.

As discussed by the trial court in denying this claim, there has been no showing of prejudice. The tapes of Petitioner's telephone calls to the victim from the jail were introduced at trial and reflect that Petitioner apologized to the victim for his actions; these tapes were sufficient to refute a claim of self-defense based on the victim's alleged violent behavior. (Appendix C, Transcript of Trial at 119-20.) Moreover, such testimony as to the victim's reputation for violence would have "opened the door to testimony about the two previous occasions when [Petitioner] pulled a gun on the victim." (Appendix G, Order Denying Motion for postconviction Relief at 7.)

Consequently, there has been no showing that Petitioner sustained prejudice. As such, Petitioner has not demonstrated that the state court's decision was either "contrary to" or an "unreasonable application of" *Strickland*. Moreover, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts in light of the evidence presented.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Allen Thompson is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly, and is directed to close this case.

3.  This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[8] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 8th day of March, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 3/8
Counsel of Record
Allen Thompson

---

[8]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.